UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE TORRES-BURGOS,<br><br>    Petitioner<br><br> v.<br><br>WARDEN GREENE,<br><br>    Respondent. | CIVIL ACTION NO. 3:25-CV-00598<br><br>(MEHALCHICK, J.) |

Jose Torres-Burgos, incarcerated at the Low Security Correctional Institution, Allenwood ("SCI-Allenwood"), in White Deer, Pennsylvania, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Because the Court lacks the authority to grant the relief Torres-Burgos requests, the Court will dismiss the petition.

I. **BACKGROUND AND PROCEDURAL HISTORY**

Torres-Burgos filed his petition on February 25, 2025. (Doc. 1). The Court received and docketed the petition on April 3, 2025. The Clerk received the filing fee on April 10, 2025. (Doc. 4).

In his petition, Torres-Burgos alleges that he was scheduled to be released to a halfway house on January 7, 2025. However, on December 17, 2024, the Unit Time at SCI-Allenwood changed his halfway house placement pursuant to the Second Chance Act ("SCA") from January 25, 2025 to May 20, 2025. He states that when he questioned the Unit Team via the administrative remedy process, they Unit Team stated that "based on a review of your 5 factors" his halfway house placement was rescheduled. He requests that the Court "change Petitioner's SCA halfway house date back to its original date so the petitioner can be released to halfway house immediately." (Doc. 1).

**II.    DISCUSSION**

"If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rules Governing § 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, Rule 4 (also applicable to § 2241 petitions under Rule 1(b)); *see McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

Here, the Court lacks the authority to grant the relief Torres-Burgos is requesting. In general, the BOP has the exclusive discretion to "designate the place of [a] prisoner's imprisonment." *See* 18 U.S.C. § 3621(b). The Second Chance Act also provides:

> (c) Prerelease custody.
>
> (1) In general. The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.
>
> (2) Home confinement authority. The authority under this subsection *may* be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.
>
> . . .
>
> (4) Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621.

18 U.S.C. § 3624(c) (emphasis added); *see also United States v. Delacruz*, No. 3:17-CR-201, 2020 WL 3405723, at *4 (M.D. Pa. June 19, 2020) ("[T]he BOP has the statutory authority, but not a statutory obligation, to place prisoners in home confinement 'for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.'"). The Court may only

grant relief to the extent that Torres-Burgos "is in custody in violation of the Constitution or laws of the United States[.]" *See* 28 U.S.C. § 2241(c)(3). Therefore, the Court does not have the authority to order that Torres-Burgos be released to home confinement on these grounds. *See, e.g.*, *Pietoso v. U.S. Fed. Prison*, No. CIV.A. 07-276 ERIE, 2008 WL 2225826, at *3 (W.D. Pa. May 29, 2008).

### III.   CONCLUSION

Based on the foregoing, the Court will dismiss the petition for writ of *habeas corpus*. An appropriate Order shall issue.

**Dated: April 29, 2025**                                                                *s/ Karoline Mehalchick*
                                                                                              **KAROLINE MEHALCHICK**
                                                                                              **United States District Judge**

3